UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| FRANKIE BAITY, | ) | |
| | ) | Civil Action No. 7:23-cv-03257-DCC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PLANET FITNESS ASSETCO, LLC, | ) | **DEFENDANT SPARTANBURG** |
| AND SPARTANBURG MARKET | ) | **MARKET SQUARE, LLC'S ANSWER** |
| SQUARE, LLC, | ) | **TO THE AMENDED COMPLAINT** |
| | ) | **(Jury Trial Demanded)** |
| Defendants. | ) | |
| | ) | |

Defendant Spartanburg Market Square, LLC ("Defendant") answers the Amended Complaint and respectfully assert the following:

## FOR A FIRST DEFENSE

1.      Each and every allegation of the Amended Complaint not specifically admitted is denied.

## FOR A SECOND DEFENSE

2.      Defendant would respectfully show each and every cause of action set forth in the Amended Complaint fails to state a claim upon which relief can be granted and, therefore, the Amended Complaint should be dismissed.

## FOR A THIRD DEFENSE

3.      Defendant lacks sufficient knowledge or information regarding the truth of the allegations of Paragraph 1 of the Amended Complaint and demands strict proof.

4.      The allegations contained in Paragraph 2 of the Amended Complaint are not directed at this Defendant and therefore no response is required. To the extent a response is

required, upon information and belief Defendant admits the allegations of Paragraph 2 of the Amended Complaint.

5.      Answering the first sentence of Paragraph 3 of the Amended Complaint, Defendant admits it is a for-profit business organized and existing under the laws of the state of Virginia and that it is authorized to conduct business in South Carolina. Further answering, Defendant admits it is the owner of the building located at 1450 W.O. Ezell Blvd., Spartanburg, SC 29301 but denies the remaining allegations contained in Paragraph 3 as written.

6.      Defendant objects to Paragraph 4 of the Amended Complaint on the grounds it calls for legal conclusions and definitions and does not require a response.  Defendant is not currently challenging jurisdiction, but reserves the right to do so should discovery and/or other developments in the case so indicate.

7.      Defendant objects to Paragraph 5 of the Amended Complaint on the grounds it calls for legal conclusions and definitions and does not require a response.  Defendant is not currently challenging venue, but reserves the right to do so should discovery and/or other developments in the case so indicate.

**FACTS**

8.      Defendant lacks sufficient knowledge or information regarding the truth of the allegations of Paragraph 6 of the Amended Complaint and demands strict proof.

9.      Defendant objects to Paragraph 7 of the Amended Complaint on the grounds the phrase "did not have a cage" is vague, ambiguous and undefined. Subject to this objection, Defendant denies the allegations of Paragraph 7 of the Amended Complaint that "an unknown apparatus was secured to the building….that impeded access to the rungs" and is without

sufficient knowledge or information regarding the truth of the remaining allegations of Paragraph 7 of the Amended Complaint and demands strict proof.

10.    Defendant denies the allegations of Paragraph 8 of the Amended Complaint and demands strict proof.

11.    Defendant denies the allegations of Paragraph 9 of the Amended Complaint that it was negligent and caused Plaintiff's injuries and demands strict proof.

## FIRST CAUSE OF ACTION

12.    Defendant asserts Paragraph 10 of the Amended Complaint does not require a response but, to the extent it does, Defendant reasserts and re-alleges each and every other paragraph of its pleadings as if repeated herein verbatim.

13.    Defendant objects to Paragraph 11 of the Amended Complaint on the grounds it calls for legal conclusions and definitions.  Subject to this objection, Defendant lacks sufficient knowledge or information regarding the truth of the allegations of Paragraph 11 of the Amended Complaint and demands strict proof.

14.    Defendant objects to Paragraph 12 of the Amended Complaint on the grounds it calls for legal conclusions and definitions and does not require a response.  Subject to this objection, Defendant lacks sufficient knowledge or information regarding the legal status of Plaintiff at the time of his alleged injury and cannot answer to the truth of the allegations of Paragraph 12 of the Amended Complaint and therefore denies the same and demands strict proof.

15.    Defendant objects to Paragraph 13 of the Amended Complaint on the grounds it calls for legal conclusions and definitions.  Subject to this objection, Defendant denies any and all allegations in Paragraph 13 of the Amended Complaint that its property was in a dangerous

condition and that it knew of any dangerous condition but lacks sufficient knowledge or information regarding remaining allegations contained in Paragraph 13 of the Amended Complaint and demands strict proof.

16.     Defendant denies any and all allegations contained in Paragraph 14 and its subparts directed at it and demands strict proof.

17.     Defendant denies any and all allegations contained in Paragraph 15 directed at it and demands strict proof. Further answering, Defendant lacks sufficient knowledge or information regarding Plaintiff's alleged damages and demands strict proof.

18.     Defendant denies the allegations of Paragraph 16 directed at it and demands strict proof.

19.     Defendant denies Plaintiff is entitled to the relief requested in the Prayer ("**WHEREFORE**") Paragraph of the Amended Complaint against it and demands strict proof.

## FOR A FOURTH DEFENSE

20.     At the time of the preparation of this responsive pleading, Defendant is unaware of all the facts and circumstances involved in the incident set forth in the Amended Complaint. To the extent the facts that are developed reflect any of the following affirmative defenses are not applicable, they will be withdrawn at the discretion of the undersigned counsel.

## FOR A FIFTH DEFENSE
(Assumption of Risk)

21.     Defendant alleges all of the risks and dangers, if any, existing at the time and place of Plaintiff's alleged accident and injury were open, obvious, apparent, and were either known by the Plaintiff or should have been known by the Plaintiff. Furthermore, Plaintiff was perfectly competent to judge the appropriateness of the circumstances and conditions alleged to be existing at the time and place of the alleged accident and, therefore, by his actions, Plaintiff

freely and voluntarily exposed himself to the alleged danger, thereby assuming the risk of being injured in the manner alleged in the Amended Complaint.  Therefore, Defendant is not liable to Plaintiff for any sum whatsoever, or, in the alternative, Defendant is entitled to reduce any award by Plaintiff's comparative negligence.

## FOR A SIXTH DEFENSE
(Comparative Negligence of Plaintiff)

22.     Defendant pleads the law and doctrine of comparative negligence and alleges the negligence and recklessness of Plaintiff were greater than the negligence, if any, which might be established against Defendant and, therefore, Plaintiff is barred from any recovery in this action. Defendant further alleges any injury and damage sustained by Plaintiff was due to and caused by the negligence and/or wilfulness of Plaintiff combining, concurring, and contributing with the negligence and/or wilfulness, if any, on the part of Defendant and, therefore, any amount of recovery awarded to Plaintiff for the injuries and damages alleged in the Amended Complaint shall be reduced by the Court by the percentage of negligence and/or wilfulness attributed to Plaintiff. Defendant has not yet engaged in discovery in this case and reserves the right to amend, supplement and/or withdraw this affirmative defense should discovery so indicate.

## FOR A SEVENTH DEFENSE
(Failure to state a claim)

23.     Defendant would respectfully show each and every cause of action set forth in the Amended Complaint fails to state a claim upon which relief can be granted and, therefore, the Amended Complaint should be dismissed.

## FOR AN EIGHTH DEFENSE
(Intervening Superseding Negligence)

24.     This Defendant would allege and show that any injury and damage claimed by the Plaintiff was directly and proximately caused by the intervening and superseding acts of

negligence, willfulness and gross negligence of parties and/or non-parties other than this Defendant, and, therefore, Defendant alleged negligence, which is denied, cannot be the direct, proximate or legal cause of the subject accident. Further, Defendant would show that any injuries or damages sustained by Plaintiff that Plaintiff alleges was caused by an act or omission of this Defendant was either caused by an intervening efficient act, omission or event, or could not be avoided and was an unavoidable accident.

## FOR A NINTH DEFENSE
(Abuse and Misuse)

25.     Defendant alleges that any injuries sustained by Plaintiff were caused by the misuse, misapplication, or abuse of the service ladder at issue and said misuse, misapplication, or abuse of the service ladder at issue is a complete bar to recovery against Defendant. Defendant has not yet engaged in discovery in this case, but reserves the right to specifically assert that the service ladder was significantly altered, changed, abused, misused, removed, reconstructed, redesigned and/or reinstalled by some entity other than Defendant, over whom Defendant did not have any control, authority and with whom Defendant did not speak with, advise, or assist in any way.

## FOR A TENTH DEFENSE
(Open and Obvious)

26.     Defendant alleges the condition on Defendant's premises Plaintiff alleges caused his injury (if it exists) was either open and obvious to Plaintiff at the time of the injury or was otherwise known to Plaintiff at the time of his injury.  Furthermore, any danger created by said condition, which Defendant expressly denies, was not of a nature that should have been anticipated by Defendant.  Therefore, Plaintiff is barred from recovery in this action against Defendant or, in the alternative, should have any award reduced by his comparative negligence.

Defendant has not yet engaged in discovery in this case and reserves the right to amend, supplement and/or withdraw this affirmative defense should discovery so indicate.

**FOR AN ELEVENTH DEFENSE**
(Punitive Damages – Constitutional)

27.     Defendant would show that the claim of Plaintiff for punitive damages cannot be had because any award of punitive damages under South Carolina law without bifurcation of the trial so that any punitive damage issues are tried only after and if liability on the merits of this action has been found will violate Defendant's due process rights guaranteed by the United States Constitution and the South Carolina Constitution, and would violate the common law and public policy of the State of South Carolina.

28.     Defendant would show that the claim of Plaintiff for punitive damages cannot be had because an award of punitive damages under South Carolina law without being subject to a predetermined limit on the amount of punitive damages that a jury might impose would violate Defendant's due process rights guaranteed by United States Constitution and the South Carolina Constitution, and would violate the common law of the State of South Carolina.

29.     FURTHER ANSWERING SAID AMENDED COMPLAINT, Defendant alleges that the claim of Plaintiff for punitive damages cannot be had because an award of punitive damages under South Carolina law by a jury that is not:

(a)     Provided with sufficiently clear standards for determining the appropriateness of a punitive damage award or the size of such award;

(b)     Provided with adequate instructions as to the limits of punitive damage awards as determined by the principles underlying such an award;

(c)     Instructed that awarding punitive damages on invidiously discriminatory characteristics of Defendant is improper;

(d)     Instructed to consider punitive damages under a standard for determining the amount that is neither vague, arbitrary, nor capricious and that defines

with reasonable clarity the actions of Defendant upon which an award of punitive damages may be based; and

(e)    Subjected to judicial review at both the trial and appellate court level under objective standards for determining appropriateness and reasonableness;

(f)    Instructed that an award of punitive damages based on anything other than Defendant's conduct in connection with the sale of the specific product that is the subject of this lawsuit is forbidden;

would violate Defendant's equal protection and due process rights as guaranteed by the United States Constitution and the South Carolina Constitution and would also violate the laws of the State of South Carolina.

## FOR A TWELFTH DEFENSE
(Sole Negligence of Plaintiff)

30.    Defendant alleges any injury and damage sustained by Plaintiff were due to and caused by the sole negligence and/or wilfulness of Plaintiff and, therefore, Defendant is not liable to Plaintiff for any sum whatsoever.  Defendant has not yet engaged in discovery in this case and reserves the right to amend, supplement and/or withdraw this affirmative defense should discovery so indicate.

## FOR A THIRTEENTH DEFENSE
(Third Party Negligence/Sole Negligence of Another)

31.    Defendant alleges, upon information and belief, that any injury and damage sustained by Plaintiff were due to and caused by the sole and negligent acts or omissions of some other person or persons other than Defendant over whom Defendant neither had nor exercised any authority or control, and, therefore, Defendant is not liable to Plaintiff for any sum whatsoever.

## FOR A FOURTEENTH DEFENSE
(Sophisticated User)

32.    Defendant would show that it had no duty to warn Plaintiff of any alleged defective condition of the product because Plaintiff was a sophisticated user of the type service ladder described in the Amended Complaint, was aware or should have been aware of any alleged defective condition of the service ladder, and had a duty to warn Plaintiff of the alleged defective condition of the service ladder.  Therefore, Plaintiff is barred from any recovery against Defendant. Defendant has not yet engaged in discovery in this case and reserves the right to amend, supplement and/or withdraw this affirmative defense should discovery so indicate.

## FOR A FIFTEENTH DEFENSE
(S.C. Code Ann. § 15-32-530 - Statutory Cap on Punitive Damages)

33.    Defendant affirmatively pleads the statutory cap on punitive damages as set forth in S.C. Code Ann. § 15-32-530 (Supp. 2019) (as amended) as a defense in this matter.

## FOR A SIXTEENTH DEFENSE
(State of the Art)

34.    Defendant would show the subject service ladder complied with industry and governmental standards and was the state of the art at the time of installation of such service ladder.  Therefore, Plaintiff cannot recover against Defendant.

## FOR A SEVENTEENTH DEFENSE

35.    Any judgment rendered against Defendant in this action should be limited to the fault, if any, attributable to Defendant.  In accordance with South Carolina law on joint and several liability, any and all other persons or parties who are negligent or at fault should be joined as necessary parties for the purpose of comparing their fault or negligence to the alleged fault or negligence of Defendant (Defendant denies that it was negligent or at fault).  Defendant

asserts, in its entirety, the South Carolina doctrine of joint and several liability and/or doctrine of apportionment of damages.

### FOR AN EIGHTEENTH DEFENSE

36.     Upon information and belief, Plaintiff, by his exercise of ordinary care, could have avoided the consequences of any negligence alleged against Defendant (Defendant denies that it was negligent).

### FOR A NINETEENTH DEFENSE

37.     Upon information and belief, the Amended Complaint is barred, in whole or in part, because Defendant did not proximately cause any of the losses, damages, injuries or harms, if any, alleged in the Amended Complaint.

### FOR A TWENTIETH DEFENSE

38.     Defendant incorporates by reference all defenses in this case asserted by any other defendants to the extent they apply to this Defendant.

### BIFURCATION RESERVED – S.C. CODE ANN. § 15-32-520

39.     Defendant hereby reserves the right to request trial bifurcation on the issues of actual damages and punitive damages pursuant to S.C. Code Ann§ 15-32-520.

WHEREFORE, having fully answered, Defendant prays that the Amended Complaint be dismissed, for the costs of defending this action, and for such other relief as the Court and jury deem just and proper.

— SIGNATURE PAGE TO FOLLOW —

MCANGUS GOUDELOCK & COURIE, LLC

s/ Keely M. McCoy
KEELY M. MCCOY (Fed. ID No. 9594)
keely.mccoy@mgclaw.com
HEATH M. STEWART, III (Fed. ID No. 10066)
heath.stewart@mgclaw.com
Post Office Box 12519
1320 Main Street, 10th Floor (29201)
Columbia, South Carolina 29211
Telephone: (803) 779-2300
Facsimile: (803) 748-0526

ATTORNEY FOR SPARTANBURG MARKET
SQUARE, LLC

**DEFENDANT SPARTANBURG MARKET
SQUARE, LLC'S ANSWER TO THE
AMENDED COMPLAINT**

**Jury Trial Demanded**

Columbia, South Carolina
July 12, 2023